Blair R. Jackson (9839)
API Law, PLLC
2551 N. Rampart Blvd., Suite 372
Las Vegas, Nevada 89128
Telephone: (725) 209-5889
brj@api.law

Christopher A. Lund (12435)
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101
Telephone: (702) 577-9361
tlund@grsm.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

VANILLA CHIP LLC, a Nevada limited liability company, d/b/a TruHeight
Plaintiff,

v.

VITALI BARANOUSKI, individually; PAVLO BIDIUK, individually d/b/a LILYMOON and LM LILYNUTRAMOON; and ILHAMA GUSEJNOVA, individually d/b/a Lilymoon Store,
Defendants.

**CASE NO:** 2:26-cv-3622

**COMPLAINT FOR FALSE ADVERTISING UNDER LANHAM ACT**

Plaintiff Vanilla Chip LLC d/b/a TruHeight ("TruHeight") alleges as follows:

## NATURE OF THE ACTION

1. This action challenges specific false or misleading commercial advertising for LILYMOON and LILYNUTRAMOON height-related dietary supplements concerning product qualities, safety, and efficacy. TruHeight seeks relief for commercial injury caused by the identified misrepresentations.

## PARTIES

2. Plaintiff Vanilla Chip LLC is a Nevada limited liability company with its

principal place of business at 5573 San Florentine Avenue, Las Vegas, NV 89141, and does business as TruHeight.

3. Defendant Vitali Baranouski is identified in the records of the United States Patent and Trademark Office as the applicant and owner of U.S. Trademark Application Serial Nos. 97517373 (LILYMOON) and 98720329 (LILYMOON NUTRATEQUE). On information and belief, he owns, controls, or directs the LILYMOON brand under which the accused products are marketed. He has an address of Apartment 44, 136 Maksima Bogdanovicha Street, Minsk 220040, Belarus.

4. Defendant Pavlo Bidiuk is identified in Amazon's seller disclosure as the individual operating 'LILYMOON' / 'LM LILYNUTRAMOON' (seller ID A2XXJ8IYRMVX9A). He has an address of 20 Heroiv Maidanu Street, Matskivtsi 31337, Khmelnytskyi Raion, Khmelnytskyi Oblast, Ukraine.

5. Defendant Ilhama Gusejnova is identified in Amazon's seller disclosure as the individual operating 'Lilymoon Store' (seller ID A2L1GBPZS4XKAJ). She has an address of 21 Mykhailivska Street, Irpin 08205, Bucha Raion, Kyiv Oblast, Ukraine. Defendants Baranouski, Bidiuk, and Gusejnova are referred to collectively as "Defendants."

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1121 because this action arises under the Lanham Act, 15 U.S.C. § 1125(a).

7. This Court has personal jurisdiction over Defendants, including Defendants' purposeful direction of advertising and sales into the United States and this District related to the challenged conduct.

8. Venue is proper under 28 U.S.C. § 1391 based on Defendants' conduct directed to this District and sales of the accused product through Amazon to purchasers in this District

## FACTUAL ALLEGATIONS

9. TruHeight markets pediatric and adolescent nutritional supplements through its website, Amazon, and other sales channels, including TruHeight Growth Gummies (ASIN B087QR7D1H) and TruHeight Growth Capsules (ASIN B08MWFRP25).

### Product A

10. Defendants sell Height Growth Maximizer Gummies for Kids (ASIN B0FMZMBQCH) on Amazon at https://www.amazon.com/dp/B0FMZMBQCH ('Product A').

11. The parties' products directly compete in the nutritional supplements segment targeting children and adolescents.

12. As of October 5, 2026, the Amazon listing for Product A showed an in-stock offer by Defendants.

13. As of October 5, 2026, Defendants advertised Product A on Amazon with the following statements:

a. "HEIGHT GROWTH MAXIMIZER GUMMIES FOR KIDS"

b. "FORMULATED FOR GROWING KIDS AND TEENS"

c. "LIQUID-FILLED GUMMIES FOR KIDS 4+"

d. "L-Arginine Boosts Human Growth Hormone Production"

e. "Zinc Fastens height growth & crucial for balanced body development"

f. "REACH THE HEIGHT YOU'VE ALWAYS DREAMED OF"

g. "SAFE & GENTLE FORMULA made for kids' daily wellness"

h. "MAX GENETIC POTENTIAL 100% Safe"

i. "Scientifically developed & proven formula to strengthen the bone density & promote body height growth"

j. "PREMIUM GROWTH ENHANCER Stimulates bone growth and development*"

14. These statements appeared on Product A packaging, listing images, sponsored advertisements, or other locations within the Amazon listing, as shown in Exhibit A.

15. Defendants created, approved, or caused publication of these statements.

16. Read together, the statements convey that child and teen users will experience increased growth hormone production, accelerated growth, and increases in skeletal height up to their maximum genetic potential through Product A use.

17. The messaging expressly targets children as young as four and teens ("**FOR KIDS**", "**FORMULATED FOR GROWING KIDS AND TEENS**", "**LIQUID-FILLED GUMMIES FOR KIDS 4+**") and does not limit the promise of height growth to individuals with open growth plates.

18. These representations are false or misleading as to children and teens. Nutritional supplementation cannot cause longitudinal bone growth in teens and children, and any claimed bone density effect is distinct from increased skeletal height.

19. Defendants also represent that Product A is a "**Scientifically developed & proven formula**" to strengthen bone density and promote body height growth, which

is false because Defendants lack competent and reliable scientific evidence substantiating these claims.

20. The unqualified "**100% Safe**" and "**SAFE & GENTLE FORMULA**" claims are false or misleading because they categorically represent the absence of adverse effects without substantiation, including for a product marketed to children as young as four.

21. Considered together, "**FOR KIDS**" with promises to "**MAX GENETIC POTENTIAL**," a "**proven formula**" to promote height growth, and "**REACH THE HEIGHT YOU'VE ALWAYS DREAMED OF**" communicates that children can obtain increased skeletal height using Product A.

22. The "**Boosts Human Growth Hormone Production**" and "**Fastens height growth**" statements promise a specific physiological effect—increased growth hormone output and accelerated height growth—in children without qualification, conveying a measurable efficacy claim rather than subjective puffery.

**Product B**

23. Defendants sell Height Support Supplement (ASIN B0B4SN4TBK) on Amazon at https://www.amazon.com/dp/B0B4SN4TBK ('Product B', and together with Product A 'Products').

24. The parties' products directly compete in the nutritional supplements segment targeting children and adolescents.

25. As of October 5, 2026, the Amazon listing for Product B showed an in-stock offer by Defendants.

26. As of October 5, 2026, Defendants advertised Product B on Amazon with the following statements:

a. "Powerful growth blend* for teens & adults"

b. "HAS BEEN AVAILABLE IN EUROPEAN PHARMACIES SINCE 2019"

c. "DEVELOPED IN SWITZERLAND AND GERMANY"

d. "The product was developed in partnership with the Swiss Medical Agency Novartis and the German Agency for quality in medicine (AEZQ)"

e. "All Ages"

f. "Lilymoon Height Support Supplement is formulated to provide essential nutrients for kids, teens, and adults."

g. "Our growth support formula is designed for kids, teens, and adults seeking a safe, effective way to grow taller."

h. "Nutritional Support for Growing Kids & Teens"

27. These statements appeared on Product B packaging, listing images, sponsored advertisements, or other locations within the Amazon listing, as shown in Exhibit B.

28. Defendants created, approved, or caused publication of these statements.

29. Read together, the statements convey that adult, teen and child users will grow taller safely and effectively using Product B, and that Product B's efficacy is supported by European medical authorities.

30. The messaging expressly targets teens and children ("**All Ages**", "**Nutritional Support for Growing Kids & Teens**," "**designed for kids, teens, and adults seeking a safe, effective way to grow taller**") and does not limit the promise of height growth to individuals with open growth plates.

31. These representations are false as to adults with fused growth plates. Nutritional supplementation cannot cause longitudinal bone growth in such adults, and any claimed bone density effect is distinct from increased skeletal height.

32. These representations are also false or misleading as to children. Nutritional supplementation cannot cause longitudinal bone growth in teens and children.

33. Defendants also represent that Product B "**was developed in partnership with the Swiss Medical Agency Novartis and the German Agency for quality in medicine (AEZQ)**," which is false because Novartis is a pharmaceutical company, not a Swiss medical agency, and, on information and belief, neither Novartis nor AEZQ partnered with Defendants in developing Product B or otherwise endorsed it.

34. Considered together, the mentioned comments targeted towards children with promises of a "**safe, effective way to grow taller**," a purported partnership with European medical authorities, and claimed availability "**IN EUROPEAN PHARMACIES SINCE 2019**" communicate that children will obtain increased skeletal height growth using Product B. The promises convey a measurable efficacy claim rather than subjective puffery.

**Regarding Products A and B**

35. The advertising is demonstrably false for both adults (whose growth plates are closed) and children (whose growth occurs over many years).

36. These representations are material because they concern efficacy and safety—key factors in consumers' purchasing decisions for nutritional supplements.

37. Defendants disseminated these representations to prospective purchasers through the publicly available Amazon listing to induce purchases of the Products.

38. Defendants advertised and sold the Products in interstate commerce competing with Plaintiff's product.

39. Defendants' false advertising caused commercial injury to TruHeight, including diverted sales, price erosion, consumer confusion regarding efficacy, and harm to business reputation.

40. The challenged representations materially influenced purchasing decisions because consumers encountered and relied on them in the Amazon listing when assessing efficacy and safety.

41. The connection between the false advertising and TruHeight's injury is evidenced by Defendants' undercutting price placement among kids and teens vitamin listings on Amazon and the prominence of the challenged claims.

42. On August 27, 2026, TruHeight sent a cease-and-desist demand regarding the challenged claims.

43. Defendants did not respond by the September 6 deadline or provide substantiating clinical evidence or safety support information that was relied on in making the asserting in the product advertising.

44. The challenged advertising remained available as of filing, and TruHeight continues to suffer the injuries described above.

45. Defendants' Products appear in search results for "height" or "growth" supplements for children and teens on Amazon, further demonstrating direct competition.

46. As a proximate result of Defendants' false or misleading advertising, TruHeight has been harmed in an amount to be determined at trial.

## COUNT I — FALSE ADVERTISING

### Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B)

47. In commercial advertising and promotion, Defendants made the specified false or misleading representations of fact about the nature, characteristics, or qualities of the Products, and disseminated them to prospective purchasers as described above.

48. Defendants' representations were literally false, or, in context, were misleading and actually deceived or had a tendency to deceive a substantial segment of the audience.

49. The claim is based on the affirmative falsity and misleading net impression of the identified statements, not solely on a lack of substantiation.

50. The deception was material to purchasing decisions and occurred in interstate commerce through the Amazon marketplace as alleged.

51. The identified advertising proximately caused TruHeight's commercial injury, including lost sales and harm to commercial reputation, in amounts to be proven at trial.

52. Defendants' offending conduct is ongoing or likely to recur absent injunctive relief.

53. TruHeight seeks injunctive relief under 15 U.S.C. § 1116 and monetary relief under 15 U.S.C. § 1117(a), subject to proof and equitable principles.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Enjoin Defendants from publishing the specific false or misleading representations identified herein;

B. Require Defendants to remove or correct advertising within their control and to request correction of content they supplied to Amazon;

C. Award Plaintiff its damages and Defendants' profits attributable to the violation;

D. Award pre- and post-judgment interest as permitted by law;

E. Award reasonable attorney's fees under 15 U.S.C. § 1117(a); and

F. Grant such other appropriate relief as the Court deems just.

Dated: October 30, 2026

API LAW, PLLC

/s/ Blair R. Jackson
Blair R. Jackson (No. 9839)
Counsel for Vanilla Chip LLC
d/b/a TruHeight